IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON
_____

EMMA WHITE SMITH,

Plaintiff-Appellee,

Vs.

HUBERT SMITH,

Defendant-Appellant

**FILED**

January 14, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

FROM THE CIRCUIT COURT
OF SHELBY COUNTY, THE
HONORABLE JAMES E.
SWEARENGEN, JUDGE
Shelby Law No. 14878 R.D.
C.A. No. 02A01-9709-CV-00223
*AFFIRMED IN PART, REVERSED
IN PART, AND REMANDED*

Sam F. Cole, Jr., of Memphis
For Appellant

Emma White Smith, Pro Se

_____

MEMORANDUM OPINION[1]
_____

*CRAWFORD, J.*

This is a divorce case. Plaintiff, Emma White Smith (Wife) and defendant, Hubert Smith

(Husband), were divorced by decree entered May 16, 1997. Husband has appealed and presents

four issues for review which, as stated in his brief, are:

> 1. The error of the trial court in completely divesting Appellant
> of the real estate that had been willed to him prior to the marriage
> and totally granting it to the Appellee.
>
> 2. The error of the trial court in refusing or failing to require the
> Appellee to disclose her property, or property interests.
>
> 3. The error of the trial court in refusing or failing to direct
> completion of the arbitration that it had ordered.
>
> 4. The error of the trial court in ordering or requiring Appellant
> to pay alimony.

We will first consider Husband's second issue dealing with a request for production of

documents. On December 21, 1995, Husband served a Rule 34 Request for Production of

Documents and upon Wife's failure to comply filed a motion to compel production on March

4, 1996. On March 25, 1996, the trial court entered an order compelling Wife to produce the

---

[1]Rule 10 (Court of Appeals). <u>Memorandum Opinion</u>. -- (b) The Court, with the
concurrence of all judges participating in the case, may affirm, reverse or modify the actions
of the trial court by memorandum opinion when a formal opinion would have no precedential
value. When a case is decided by memorandum opinion it shall be designated
"MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for
any reason in a subsequent unrelated case.

documents requested, but Wife failed to comply with the order. On January 28, 1997, Husband filed a motion to dismiss because of Wife's failure to comply with the trial court's order. On February 12, 1997, the trial court entered its order denying the motion to dismiss and further found that the documents and records previously ordered produced were not relevant to the case and ordered that plaintiff "need not produce them."

The request for production sought information from Wife concerning her earnings, financial resources, and separate property, all of which are relevant factors to be considered by the court in setting spousal support T.C.A. § 36-5-101 (d)(1)(A)&(G) (Supp. 1997) and in making an equitable distribution of marital property. T.C.A. § 36-4-121(c) (1996). Wife's complaint seeks a division of marital property and spousal support.

In the instant case, the trial court should have entertained Husband's motion pursuant to the provisions of Tenn.R.Civ.P. 37 and some appropriate sanction within the discretion of the court should have been granted. The trial court erred in its determination that the material sought was not relevant.

The first and fourth issues concerning the division of marital property and the award of alimony respectively shall be considered together.

As to the division of marital property, the trial court must determine what is marital property and what is separate property in order to divide the marital estate. *Batson v. Batson*, 769 S.W.2d 849 (Tenn. App. 1988). The trial court is required to consider all pertinent factors in making the division of marital property including those factors set out in T.C.A. § 36-4-121(c) (1996). It appears from the record before us that these factors were not considered in the division of the marital property made by the trial court. As to the alimony award made by the trial court, it appears equally clear that the factors to be considered pursuant to T.C.A. § 36-5-101(d)(1) were not considered by the trial court. The case must be remanded for further consideration of the division of marital property and the award of spousal support.

The last issue to be considered is the action of the court in ordering "binding arbitration" and then disregarding the order.

We find no authority for the order of binding arbitration. Pursuant to Rule 31, Section 3, Rules of the Supreme Court, the trial court, with the consent of all the parties, may order,

2

among other things, nonbinding arbitration. Therefore, the order entered for binding arbitration was a nullity, and the trial court properly disregarded it.

The final decree of the trial court awarding divorce is affirmed. The decree in all other respects is reversed, and the case is remanded for further proceedings to make an equitable distribution of marital property and for a consideration of an award of spousal support, if justified. The costs of this appeal are assessed against the appellee.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**ALAN E. HIGHERS, JUDGE**

_____
**DAVID R. FARMER, JUDGE**

3